Cheryl Anne RENFROE,
Plaintiff-Appellant,

v.

Dr. John KIRKPATRICK, et al.,
Defendants-Appellees.

No. 82–7394.

United States Court of Appeals,
Eleventh Circuit.

Jan. 12, 1984.

Jack S. Wallach, Anniston, Ala., for plaintiff-appellant.

John R. Phillips, Anniston, Ala., for defendants-appellees.

Before GODBOLD, Chief Judge, RONEY and SMITH,* Circuit Judges.

PER CURIAM:

Cheryl Anne Renfroe [Wade], a non-tenured teacher, was not rehired to teach with the Piedmont City Board of Education. She brought this 42 U.S.C.A. § 1983 action contending she was not rehired because she filed a grievance, and that this violated her First Amendment rights. The jury awarded Renfroe $6,400 in compensatory damages and $12,500 in punitive damages. The district court, *Renfroe v. Kirkpatrick,* 549 F.Supp. 1368 (N.D.Ala.1982), entered judgment n.o.v. for the defendant. We affirm in light of the principles set forth in *Connick v. Myers,* —— U.S. ——, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983).

In responding to budgetary problems, the Superintendent of Education had offered Renfroe a job sharing a full-time position with another teacher. Renfroe expressed her unwillingness to job share at that time, and subsequently filed a grievance asserting her interest in keeping a full-time job, and claiming that she had seniority and more teaching experience than the other teacher. The other teacher was later hired for the position on a full-time basis pursu-

* Honorable Edward S. Smith, U.S. Circuit Judge    for the Federal Circuit, sitting by designation.

ant to the Superintendent's recommendation.

Although defendants contend, as the district court held, that the grievance was not a substantial or motivating factor in the decision not to rehire Renfroe, it is not necessary to resolve that issue on appeal in view of the recent *Connick* decision, rendered after the district court decision. It is now clear that plaintiff's grievance is protected under the First Amendment only if it related to a matter of public concern. In *Connick* the Supreme Court explicitly held that "when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." —— U.S. at ——, 103 S.Ct. at 1690, 75 L.Ed.2d at 720.

In this case, Renfroe's "speech" is conceded to have been personal in nature with the single exception of a claim that her objection to job sharing was motivated in part by concern for the welfare of the students. This concern was raised neither in her initial discussion with the Superintendent nor in her written grievance. It was not until the oral presentation of her grievance to the Board that plaintiff mentioned the welfare of the students as a consideration.

Under such circumstances, plaintiff's reference to the students' welfare during her oral presentation to the Board is not sufficient to bring her grievance within the rubric of matters of "public concern." The Supreme Court has recognized that the question of whether an employee's speech addresses a matter of public concern must be answered in light of "the content, form, and context of a given statement, as revealed by the whole record." *See Connick,* —— U.S. at ——, 103 S.Ct. at 1690, 75 L.Ed.2d at 720. The district court was correct in entering a judgment for defendants on the ground that there was no violation of plaintiff's federal rights.

AFFIRMED.