Rose GAVRILLES, Plaintiff,

v.

Daniel O'CONNOR, et al., Defendants.

Civ. A. No. 83–0006–C.

United States District Court,
D. Massachusetts.

Feb. 14, 1984.

Plaintiff's affidavit does not expressly dispute this.

Anne M. Vohl, Burlington, Mass., for plaintiff.

Loretta T. Attardo, Duane R. Batista, Nutter, McClennen & Fish, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought pursuant to 42 U.S.C. § 1983 for alleged violations of the First Amendment and of the due process clause of the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction under 28 U.S.C. § 1343. The case is now before the Court on defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief can be granted.

For purposes of a motion to dismiss, all averments of the plaintiff's complaint are taken as true. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969); *O'Brien v. DiGrazia,* 544 F.2d 543, 545 (1st Cir. 1976); *cert. denied sub nom. O'Brien v. Jordan,* 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977). A court should not allow a motion to dismiss unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Plaintiff is a tenured teacher employed by the Town of Watertown to teach art at the Watertown High School. The complaint alleges that, in March 1980, William J. Doran, who was at that time the Assistant Principal of the Watertown High School, conducted a routine evaluation of plaintiff's teaching performance. Doran filed an "Evaluation Summary" on March 12, 1980, in which he rated plaintiff's performance satisfactory in all respects. On March 13, defendant Frank Peros, Chairman of the Art Department, filed an "Addendum to the Evaluation Summary" which, plaintiff alleges, contained "vague and unsubstantiated adverse allegations concerning the plaintiff's performance as a teacher." Plaintiff filed a union grievance alleging that the "Addendum" constituted a violation of plaintiff's union contract. The matter went to arbitration, and the arbitrator found in favor of the plaintiff.

Plaintiff alleges that, ever since she filed the grievance, the defendants have attempted to disparage her "through a variety of vague and unsubstantiated allegations," and have tried to insert those allegations in her personnel file. Plaintiff alleges that, on or about October 15, 1982, defendant Joanne Murrman-Roberts, a teacher with whom plaintiff shared a classroom at that time, and defendant Peros accused plaintiff of responsibility for a fire set by a student in her presence earlier in the day. Plaintiff alleges that defendants Peros and Murrman-Roberts accused plaintiff "loudly and repeatedly" within the hearing of a large class of students who had seen and heard the events surrounding the fire.

On October 15, 1982, and again on October 25, 1982, in response to written interrogatories from defendant Peros, plaintiff denied that she had had any knowledge of the fire until after it had occurred. On October 15, 18, and 20, 1982, defendant Murrman-Roberts wrote to defendant Peros describing the incident and stating that she believed plaintiff was responsible for the fire. The letters were disclosed to plaintiff on November 10, 1982.

On November 4, 1982, defendant Manson Hall, principal of Watertown High School, sent a memorandum to all members of the School's Art Department stating that teachers should avoid discussing "directly or indirectly, with their students, the qualifications or teaching skills of another teacher." On the same day, defendant Hall sent a private memorandum to plain-

tiff informing her that she "could and should have been aware of the smoke that [had] permeated the room" at the time of the fire. He also stated in the memorandum that the policy against discussing with students the qualifications or teaching skills of other teachers applied to plaintiff "in particular, since [she had] recently reacted in front of the students in a non-professional manner."

By letter dated December 16, 1981, defendant Daniel G. O'Connor, superintendent of the Watertown schools, notified plaintiff that he would hold a hearing in his office on January 5, 1983, "to review the circumstances surrounding the report of a fire in your classroom on or about October 15, 1982." The hearing was to determine whether the incident warranted disciplinary action. The specific charges against plaintiff were: "1. Your inability to properly supervise the activities in your classroom. 2. Your lack of cooperation with and poor attitude toward your fellow teachers and administrators." The letter also notified plaintiff that she had the right to be represented by counsel at the hearing. After the hearing, which took place ultimately on February 11, 1983, defendant O'Connor suspended plaintiff from her teaching duties without pay for five days.

Plaintiff alleges that the incident involving the fire is "but one of a series of continuing attacks [by defendants] on her character and her competency." The incident, she alleges, was timed to coincide with her arbitration award in order to discredit her in the community.

■■■ In Count I, plaintiff alleges that she was deprived of due process because in her suspension hearing [she] was called upon to defend her actions and non-actions based upon the allegations of a fire of which she had no knowledge and which she is sure was never set. The burden placed upon her in this regard

was so heavy and so unfair as to violate any concept of due process.

But a state agency does not violate due process simply by requiring an employee to defend against charges she breached her duty, even when the employee sincerely believes herself innocent of the charges. Accordingly, Count I should be dismissed for failure to state a claim for which relief may be granted, but with leave to amend the complaint to allege facts sufficient to state a claim for violation of due process if plaintiff can do so.

In Count II, plaintiff alleges that she "exercised her rights under the First Amendment ... when she filed a grievance," and that defendants "have systematically retaliated against [her] ... by bringing unwarranted proceedings against her, by suspending her, and by various other ongoing hostile actions."

■■■ The First Amendment protects the right of an individual "to associate with others, and to petition his government for redress of grievances," *Smith v. Arkansas State Highway Employees, Local 1315,* 441 U.S. 463, 464, 99 S.Ct. 1826, 1827, 60 L.Ed.2d 360 (1979) (*per curiam*), and it protects him from retaliation for doing so. *Id.* at 465, 99 S.Ct. at 1828. It protects the right of public employees to associate in a labor union and to redress grievances jointly. *United Mine Workers of America, District 12, v. Illinois State Bar Association,* 389 U.S. 217, 221–23, 88 S.Ct. 353, 355–56, 19 L.Ed.2d 426 (1967); *see also Smith v. Arkansas State Highway Employees, Local 1315,* 441 U.S. at 464, 99 S.Ct. at 1827. I rule that plaintiff's claim that town officials retaliated against her for exercising her right to file a grievance through her union states a claim under the First Amendment for which relief can be granted.*

---

* It is unlikely plaintiff has stated a claim for violation of her First Amendment freedom of speech, since her grievance was a matter only of personal interest to her, and was not a matter of public concern. *Connick v. Myers,* —— U.S. ——, ——, 103 S.Ct. 1684, 1689, 75 L.Ed.2d 708

(1983). Nonetheless, because I have ruled that Count II states a claim for violation of plaintiff's First Amendment freedom of association, there is no need to decide at this time whether plaintiff has in addition stated a claim that defendants have abridged her freedom of speech.

 Count II should, however, be dismissed as against defendant Oates, because the plaintiff has failed to allege any facts whatsoever on which he can be found to have deprived plaintiff of her constitutional rights. Count II should also be dismissed as against defendant Murrman-Roberts. Count II alleges only that defendant *administrators* violated plaintiff's First Amendment Rights. The complaint alleges no facts from which the Court may infer that defendant Murrman-Roberts is anything other than an ordinary teacher, or that she is or was in any position to retaliate against plaintiff for filing her grievance.

Count II should also be dismissed as to defendant McCarthy. The complaint states merely that defendant McCarthy is junior class moderator at Watertown High School, and that he "accused the plaintiff of negligence and gross negligence" within hearing of a classroom of students. The complaint alleges no facts to show either that as junior class moderator defendant McCarthy is a school "administrator," or that he is or was in any position whatsoever to retaliate against plaintiff for filing her grievance.

 Count III of the complaint alleges that by means of the suspension process, defendant O'Connor has been able to place in plaintiff's personnel file much of the disparaging information the arbitration process excluded. But Count III does not allege any constitutional violation. Perhaps the facts alleged may constitute a state law breach of contract claim, but this Court is "not required to guess what particular federal right could have been implicated" by defendants' alleged violation of state law. *Limerick v. Greenwald*, 666 F.2d 733, 735 (1st Cir.1981). I rule therefore that Count III should be dismissed for failure to state a claim under § 1983 for which relief can be granted.

Defendants' claims of qualified immunity are premature. Qualified immunity is an affirmative defense that must be pleaded by the defendant. *Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982); *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). Defendants have not yet filed an answer in this case.

Order accordingly.