### Rose GAVRILLES, Plaintiff,

v.

### Daniel O'CONNOR, Manson Hall, and Frank Peros, Defendants.

### Civ. A. No. 83–0006–C.

United States District Court,
D. Massachusetts.

June 17, 1985.

Anne M. Vohl, Burlington, Mass., Betty A. Gittes, Shaevel, Shaevel & Gittes, Boston, Mass., for plaintiff.

Loretta T. Attardo, Duane R. Batista, Nutter, McClennen & Fish, Boston, Mass., for defendants.

### MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought pursuant to 42 U.S.C. § 1983 by Rose Gavrilles, a tenured teacher in the Watertown, Massachusetts School System. Defendants are Daniel O'Connor, Superintendent of Schools, Manson Hall, Headmaster of Watertown High School, and Frank Peros, Director of Art Education for the Watertown School System.[1]

In her second amended complaint, plaintiff alleges that she exercised her First Amendment rights by filing and processing a grievance according to the procedure set forth in her union's collective bargaining agreement, and that, in response to her actions, "defendants have systematically retaliated against [her] . . . by bringing unwarranted proceedings against her by suspending her, and by various other ongoing hostile actions." Defendants assert that, as government officials, their qualified immunity protects them from civil liability for any discretionary actions which they have taken regarding Ms. Gavrilles. The case is now before the Court on defendants' motion for summary judgment, which raises

---

**1.** Prior proceedings in this case are reported at 579 F.Supp. 301 and 599 F.Supp. 357 (D.Mass. 1984).

the affirmative defense of qualified immunity.

Under *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818, 102 S.Ct. at 2738. The parties agree that as of 1982–1983, the period in which the incidents giving rise to the action occurred, there existed no federal case law explicitly stating that a public employee has a constitutional right to be free from retaliation for processing a personal grievance through her union. By 1980, however, the United States Supreme Court had made clear that First Amendment freedom of association protects the right of public employees to join together in a union, to advocate and seek redress for grievances through that collective entity, and to be free from retaliation for engaging in such activities. *Smith v. Arkansas State Highway Employees,* 441 U.S. 463, 464–65, 99 S.Ct. 1826, 1827–28, 60 L.Ed.2d 360 (1979) (*per curiam*); *See also, United Mine Workers of America, District 12 v. Illinois State Bar Association,* 389 U.S. 217, 222, 88 S.Ct. 353, 356, 19 L.Ed.2d 426 (1967); *NAACP v. Button,* 371 U.S. 415, 429–31, 83 S.Ct. 328, 335–37, 9 L.Ed.2d 405 (1963).

Defendants assert that, because they are not constitutionally required to consider grievances filed by plaintiff's union, *Smith,* 441 U.S. at 465–66, 99 S.Ct. at 1828–29, they could not reasonably have known that retaliation against plaintiff for making use of her union's grievance procedure is constitutionally prohibited. This contention has no merit. The fact that the Constitution does not obligate a public employer to recognize or bargain with an employees' union cannot reasonably be interpreted as a grant of permission to retaliate against an employee who, through her union, successfully processes a grievance. The impermissibility of retaliating against

an employee for engaging in union activities was clearly established by 1982. Insofar as the filing and processing of grievances is a legitimate union pursuit, I rule that defendants reasonably should have known that retaliation against plaintiff for participating in that activity is constitutionally prohibited. I further rule, therefore, that defendants' motion for summary judgment should be denied.

Order accordingly.