Robert STELLMAKER

v.

Albert DePETRILLO, et al.

Civ. No. H–88–542 (PCD).

United States District Court,
D. Connecticut.

April 19, 1989.

C. Michael Bradley, James D. Morgan & Associates, Pawcatuck, Conn., for plaintiff.

William R. Cannon, Sullivan, Lettick & Schoen, Hartford, Conn., for defendants.

## RULING ON MOTION FOR SUMMARY JUDGMENT

DORSEY, District Judge.

Plaintiff is a tenured teacher employed by the Plainfield Board of Education. Defendants, James Blair and Albert DePetrillo, are, respectively, Director of Pupil Personnel Services and Superintendent of Schools for the Plainfield school system. Plaintiff alleges that defendants transferred him from his post at Plainfield High School to a less desirable position at the Central School in retaliation for filing and pursuing a collective bargaining grievance against them. He seeks damages pursuant to 42 U.S.C. § 1983 based on his claim that defendants' conduct violated his first amendment right to associate freely and petition the government for redress of grievances. Defendants move for summary judgment.

*Discussion*

For purposes of their motion, defendants do not contest that plaintiff was transferred in retaliation for the filing of a grievance pursuant to the collective bargaining agreement between the Board of Education and Plainfield Education Association, of which plaintiff is a member. Rather, defendants raise the threshold issue of

whether the first amendment[1] provides plaintiff protection from retaliatory employment action where plaintiff's grievance disputed an unfavorable evaluation, admittedly not a matter of "public concern." See *Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *Pickering v. Board of Educ.*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).

"[W]hen a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." *Connick*, 461 U.S. at 147, 103 S.Ct. at 1690 (citation omitted). However, despite some broad language in the Court's opinion, *Connick* dealt only with the freedom of speech provision of the first amendment. See *Id.* at 141, 146, 103 S.Ct. at 1689. The *Connick* Court was not faced with a claim of violation of rights of association and petition. Plaintiff, while conceding that *Connick* bars review of his transfer to the extent based upon a free speech claim, argues that defendants' conduct violated the separate first amendment right "to assemble, and to petition the Government for a redress of grievances." Amendment I. See *Gavrilles v. O'Connor*, 579 F.Supp. 301 (D.Mass.1984) ("*Gavrilles I*"); *see also Professional Ass'n of College Educators v. El Paso County Community College*, 730 F.2d 258 (5th Cir.), *cert. denied*, 469 U.S. 881, 105 S.Ct. 248, 83 L.Ed.2d 186 (1984) (recognizing protection for filing grievances); *cf. McDonald v. Smith*, 472 U.S. 479, 484–85, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985) (petition to government entitled to only qualified immunity from libel suit; noting standard identical to that for other first amendment expression).

■■■ The first amendment does not require the government to recognize or bargain with an association of employees, but it does protect the right of an individual "to associate with others, and to petition his government for redress of grievances." *Smith v. Arkansas State Highway Employees, Local 1315*, 441 U.S. 463, 464, 99 S.Ct. 1826, 1827, 60 L.Ed.2d 360 (1979) (per curiam). Thus, the state may not abridge the right of public employees to associate in a labor union and to seek redress of grievances through collective action, *United Mine Workers of America, Dist. 12 v. Illinois State Bar*, 389 U.S. 217, 221–23, 88 S.Ct. 353, 355–57, 19 L.Ed.2d 426 (1967) (discussing union members' collective right to hire attorneys to bring civil claims); *see also Smith*, 441 U.S. at 464, 99 S.Ct. at 1827, nor may it retaliate against an employee for doing so. *Smith*, 441 U.S. at 465, 99 S.Ct. at 1828; *Gavrilles I*, 579 F.Supp. at 304; *Gavrilles v. O'Connor*, 611 F.Supp. 210 (D.Mass.1985) ("*Gavrilles II*") (first amendment protects right to be free from retaliation for seeking redress collectively; rejecting qualified immunity); *see, e.g., Henderson v. Huecker*, 744 F.2d 640, 645–46 (8th Cir.1984) (retaliation for union activities). Access to procedures for the redress of grievances is essential to a meaningful first amendment right to petition the government. *Cf. Bill Johnson's Restaurants v. NLRB*, 461 U.S. 731, 741, 103 S.Ct. 2161, 2169, 76 L.Ed.2d 277 (1983). Where those procedures result from collective bargaining, the right to freedom of association is implicated as well. *See Professional Ass'n of College Educators*, 730 F.2d at 263, 270; *Gavrilles I*, 579 F.Supp. at 304. The rights of association and petition as they pertain to employment conditions and even personal injury claims are protected as well as speech pertaining to matters of public concern. *See Railroad Trainmen v. Virginia Bar*, 377 U.S. 1, 84 S.Ct. 1113, 12 L.Ed.2d 89 (1964); *United Mine Workers*, 389 U.S. 217 at 223, 88 S.Ct. 353 at 356; *cf. McDonald*, 472 U.S. at

---

**1.** Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. Const., Amend. I. The amendment applies to the states through the due process clause of the fourteenth amendment.

489–90, 105 S.Ct. at 2793–94 (Brennan, J., concurring).

 Plaintiff's grievance was filed pursuant to a procedure established through collective bargaining. His invocation of that procedure was an invocation of his and his fellow employees' right to associate and petition a government body, the Board of Education, for redress. Cases cited by defendants applying *Connick* to deny protection to an employee's personnel grievance are distinguishable. *See Day v. South Park Independent School Dist.,* 768 F.2d 696 (5th Cir.1985), *cert. denied,* 474 U.S. 1101, 106 S.Ct. 883, 88 L.Ed.2d 918 (1986); *Renfroe v. Kirkpatrick,* 722 F.2d 714 (11th Cir.), *cert. denied,* 469 U.S. 823, 105 S.Ct. 98, 83 L.Ed.2d 44 (1984). Each of those cases involved grievances under procedures established by the employer, not procedures established through collective bargaining. *Day,* 768 F.2d at 698, 701 (noting "the absence of any implication of the right to freely assemble or associate"); *Renfroe,* 722 F.2d at 714–15 (no reference to union or association); *compare Professional Ass'n of College Educators,* 730 F.2d at 263, 270–71; *Gavrilles I,* 579 F.Supp. 301, 304 and n.\* (distinguishing *Connick*-type claim from association/petition claim); *see also Developments in the Law—Public Employment,* 97 Harv.L.Rev. 1611, 1768–69 (1984) ("courts should not automatically regard labor grievances over office policy to be purely personal matters").

In *Professional Ass'n of College Educators,* damages were awarded to a college professor, on a jury's finding that the defendant administrator had given plaintiff more burdensome duties in retaliation for her "filing of grievances on her own behalf, or processing or attempting to process grievances on behalf of others." 730 F.2d at 270 (jury interrogatory). Although decided after *Connick, Professional Ass'n of College Educators* applied first amendment protection without scrutinizing the grievance for matters of public concern. That plaintiff's grievance related to the cancellation of her courses and her assignment to others, clearly not public matters. *Id.*

The grievance of Mr. Stellmaker invoked collectively bargained procedures and was a constitutionally protected activity for which retaliation by public officials was prohibited. Therefore, defendants' motion for summary judgment is denied.

SO ORDERED.