Mark J. MORGAN

v.

CITY OF MILFORD, et al.

Civ. No. 3:94cv1627 (JBA).

United States District Court,
D. Connecticut.

Jan. 5, 1996.

John Williams, New Haven, CT, for Plaintiff.

Michael Lefebvre, Hartford, CT, Marcia Gleeson, Sack Spector & Barrett, West Hartford, CT, for Defendants.

### RULING ON DEFENDANTS' MOTION TO DISMISS

ARTERTON, District Judge.

### I. Introduction

Plaintiff Mark J. Morgan brings this action pursuant to 42 U.S.C. § 1983 and § 1988 against defendants, the City of Milford, Connecticut, Personnel Director John Bolland, and Director of Public Works Bruce Kolwicz, alleging he was dismissed from employment in retaliation for his pre-employment objections to the application process. Plaintiff claims the retaliatory discharge violated his First Amendment right to free speech and freedom to petition government for redress of grievances. Defendants move to dismiss the action pursuant to F.R.Civ.P. 12(b)(6) arguing that plaintiff has failed to state a claim. Defendants, main contention is that plaintiff's speech was not a "matter of public concern," and therefore not protected under 42 U.S.C. § 1983.

For the reasons set forth below, defendants' motion to dismiss is granted.

### II. Facts

Plaintiff brought this action on August 29, 1994 in the Superior Court of the State of Connecticut, Judicial District of New Haven. Defendants removed it to the United States District Court based upon the court's jurisdiction over federal claims. In his complaint, plaintiff alleges that he applied for a job with the City of Milford in 1991. On October 28, 1991, plaintiff claims he was denied consideration of any type of job by personnel director Bolland, solely because he had once been convicted of a felony. Plaintiff successfully appealed to Mr. Bolland's superiors for the right to be considered for a position, and on August 23, 1993, he was hired as a sanitation laborer with the Milford Public Works Department. Plaintiff was informed that if he satisfactorily completed a sixty-day probationary period, he would become a permanent employee of the City of Milford. During the probationary period, plaintiff claims that Defendant Kolwicz recommended him for a permanent job, but on October 21, 1993, Defendant Bolland terminated plaintiff without cause.

### III. Discussion

■ "In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2nd Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 117, 130 L.Ed.2d 63 (1994). In deciding a motion to dismiss for failure to state a claim, "[t]he issue is not whether the Plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *See Weisman v. LeLandais*, 532 F.2d 308, 311 (2nd Cir.1976) (per curiam). "This standard is applied with even greater force where the plaintiff alleges civil rights violations." *Hernandez*, 18 F.3d at 136.

■ In support of their motion to dismiss, defendants argue that plaintiff's claims should be dismissed because his speech is not protected under 42 U.S.C. § 1983 since it is not protected under the First Amendment. Specifically, the defendants argue that the plaintiff's speech was "an effort to advance his own interests and had no connection with matters of public concern." Defendants' Memorandum, p. 7. In opposition, plaintiff argues that he was discharged in retaliation for his appeal of his initial denial of employment by "going over their [Boland's] heads." Plaintiff contends that "his action in pursuing his political remedies as a citizen, by orally complaining, successfully, about defendants' failure to hire him" is protected by the First Amendment. Plaintiff's Memorandum, p. 2.

Before deciding if plaintiff's speech is protected, the court notes that plaintiff's complaint does not explicitly state that he exercised speech. The court construes plaintiff's act of appealing his denial of employment as speech since plaintiff had to exercise oral or written speech in order to effectuate his appeal. Plaintiff's brief in opposition clarifies the type of speech he exercised by asserting that he "talked to elected officials."

■ Before determining whether certain speech is protected, a court must determine, as a threshold matter, whether the speech touches upon matters of legitimate public concern. If it does, then the court must perform a balancing test to see if the interests of the employee, as a citizen, in commenting upon the subject at issue outweigh the interests of the government, as the employer, in promoting an efficient work environment. *Pickering v. Board of Education*, 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968). Because the Court, as will be discussed below, finds that plaintiff's speech does not touch upon a matter of public concern, it does not reach the balancing test.

■ Speech touches upon a matter of public concern when it can "fairly be considered as relating to any matter of political, social or other concern to the community." *Connick v. Myers*, 461 U.S. 138, 146, 103 S.Ct. 1684, 1689, 75 L.Ed.2d 708 (1983). While matters which are mere extensions of personal disputes involving purely personal concerns are not protected by the First Amendment, *Id.* at 148, 103 S.Ct. at 1690–91, mixed questions of private and public concerns can be protected. *Gonzalez v. Benavides*, 774 F.2d 1295, 1301 (5th Cir.1985). Likewise, the fact that a statement evolves from a personal dispute does not preclude some aspect of it from touching upon matters of public concern. *Johnson v. Lincoln Univ.*, 776 F.2d 443, 451 (3rd Cir.1985).

■ Courts have been reluctant to recognize an employee's internal grievance procedures as speech affecting public concern. *See, e.g., Connick v. Myers*, 461 U.S. at 141–49, 103 S.Ct. at 1686–91 (employee's internally circulated questionnaire on employer's administrative policies not a matter of public concern because it did not seek to inform the public that the employer was discharging its governmental responsibilities, or to attempt to bring to light actual or potential wrongdoing on the part of the governmental employee); *Ezekwo v. NYC Health & Hospitals Corp.*, 940 F.2d 775, 791 (2d Cir.) (doctor's complaints regarding aspects of residency program did not implicate matters of public concern), *cert. denied*, 502 U.S. 1013, 112

S.Ct. 657, 116 L.Ed.2d 749 (1991). However, where an employee's complaints to her supervisors implicate system-wide discrimination, this speech unquestionably involves a matter of public concern. *Saulpaugh v. Monroe Community Hospital,* 4 F.3d 134, 143 (2nd Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994) (citations omitted); *See Marshall v. Allen,* 984 F.2d 787 (7th Cir.1993) (42 U.S.C. § 1983 claim allowed for supporting other employees who had filed gender discrimination suit); *Wilson v. UT Health Ctr.,* 973 F.2d 1263, 1266 (5th Cir.1992) (upholding Section 1983 claim regarding plaintiff's complaints regarding sexual harassment); *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 58 (2d Cir.1987) (fireman's complaints of department's discriminatory hiring practices based on gender was protected speech).

Although Mr. Morgan's speech (the appeal activity) concerned the defendants' employment hiring conduct before he was hired by the City of Milford, it nonetheless implicated, in effect, an internal grievance procedure.

In his memorandum in opposition, plaintiff cites only one case, *Stellmaker v. DePetrillo,* 710 F.Supp. 891 (D.Conn.1989), in support of his claim that plaintiff's speech is protected under the First Amendment. In Stellmaker, a public school teacher filed a grievance, pursuant to her collective bargaining agreement, against her school related to her involuntary transfer. The issues before the *Stellmaker* court were the plaintiff's right to freely associate with a labor union and her right to seek redress through collective action. The court found that these constitutional rights are violated if plaintiff is discharged in retaliation for exercising them. In the instant case, plaintiff has not alleged in his Complaint that he is a member of a union or that is he seeking redress through a collective bargaining agreement. Thus, the Court finds *Stellmaker* to be limited to seeking redress pursuant to collective bargaining rights, and thus, its holding is not applicable here. *Stellmaker,* 710 F.Supp. at 893 (citing *Day v. South Park Independent School Dist.,* 768 F.2d 696, 698–701 (5th Cir. 1985), *cert. denied,* 474 U.S. 1101, 106 S.Ct.

883, 88 L.Ed.2d 918 (1986)); *Renfroe v. Kirkpatrick,* 722 F.2d 714, 715 (11th Cir.), *cert. denied,* 469 U.S. 823, 105 S.Ct. 98, 83 L.Ed.2d 44 (1984) (distinguishing collective bargaining agreements from grievance procedures established by employers).

Elsewhere in this District, a public school substitute teacher's complaints about the school board's hiring practices were found to implicate a matter of public concern. *Mazurek v. Wolcott Board of Education,* 849 F.Supp. 154 (D.Conn.1994). However, the distinguishing facts underlying the *Mazurek* case are not present in this case, and thus, its result is also inapplicable here. In *Mazurek,* the plaintiff not only complained about her own failure to be hired, but protested against the school board's hiring practices as they applied to all applicants. *Id.* at 156. Nothing in Mr. Morgan's complaint states that he complained about the Town's hiring practices apart from his own personal situation. Second, the *Mazurek* court noted that the plaintiff, as a Wolcott taxpayer, had an interest in whether the Wolcott school board hired qualified teachers. *Id.* at 157. In contrast, Mr. Morgan was not a resident of Milford when he complained of its hiring practices. Finally, in *Mazurek,* the plaintiff was not only a teacher and a taxpayer of the defendant municipality, but also her children attended the Wolcott schools. Thus, the plaintiff's complaints as a parent concerned the "caliber of teachers that any parent in the community might express. The education of a community's children is a matter of public concern." *Id.* (citing *Pierce v. Society of Sisters,* 268 U.S. 510, 534–35, 45 S.Ct. 571, 573–74, 69 L.Ed. 1070 (1925); *Lees v. West Greene School Dist.,* 632 F.Supp. 1327, 1331 (W.D.Pa.1986)). Mr. Morgan's complaints directed at Milford's Public Works Department do not implicate any analogous community interest such as public education.

In sum, plaintiff's complaint does not allege speech on any issue which is recognized as a matter of public concern, but only his own personal efforts to internally grieve denial of employment, which does not touch upon any claim of system-wide discrimina-

tion.[1]  *See Connick,* 461 U.S. at 141–49, 103 S.Ct. at 1686–91.

## IV.  Conclusion.

For these reasons, the Court dismisses plaintiff's federal claims (Counts V and VI) for failing to state a claim for relief.  Since jurisdiction over plaintiff's state law claims of breach of oral contract and intentional infliction of emotional distress are dependent on the existence of jurisdiction over plaintiff's federal claims, the Court remands this case to Connecticut Superior Court for further proceedings.  *See* 28 U.S.C. § 1447(c) (1995).

IT IS SO ORDERED.

1.  Felons have not been found to be members of a protected class for Fourteenth Amendment purposes.  *See Baer v. City of Wauwatosa,* 716 F.2d 1117 (7th Cir.1983).  The question whether claims of system-wide exclusion of felons pro-mote racial discrimination, *e.g., Baker, et al v. Cuomo,* 58 F.3d 814 (2d Cir.1995), would be a matter of public concern for First Amendment purposes but there is no such allegation, even inferable from the complaint.