**Paul GROS, Plaintiff,**

v.

**The PORT WASHINGTON POLICE DISTRICT, Commissioners Stephen Zaccherio, and Frank Scobbo, Defendants.**

**No. 95 CV 0168 (ADS).**

United States District Court, E.D. New York.

July 6, 1996.

Leeds & Morelli by Lenard Leeds, Eileen Campbell, Carle Place, NY, for Plaintiff.

Jaspan, Schlesinger, Silverman & Hoffman, LLP by Stanley A. Camhi, Garden City, NY, for Defendants.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge:

Presently before the Court is the renewed motion of the defendants, the Port Washing-

ton Police District and several of its commissioners (the "defendants" or the "Police District") for judgment as a matter of law pursuant to Fed.R.Civ.P. 50 at the conclusion of all the evidence. While the Court reserves decision on several of the issues raised by the defendants motion, the Court addresses a single legal issue at this juncture, namely whether a claim pursuant to 42 U.S.C. § 1983 for violation of the plaintiff's First Amendment right to free association must satisfy the threshold requirement of touching upon a matter of public concern.

## I. *Background*

Although the facts underlying this case need not be set forth elaborately here for the Court to conduct its analysis, the relevant facts are as follows. The plaintiff, Paul Gros, (the "plaintiff" or "Gros") is police sergeant for the Port Washington Police District. From the 1980's until the present, he has remained consistently active in the affairs of the Policemen's Benevolent Association ("PBA"). As a result of these activities, Gros contends that he has been continually harassed by the Police District and its Commissioners in violation of his First Amendment Rights to free speech and free association. As part of their motion for judgment as a matter of law the defendants argue that these First Amendment claims should be dismissed because during the trial Gros has failed to establish that his alleged constitutionally protected activity relates to matters of "public concern" as required under *Connick v. Myers*, 461 U.S. 138, 147–48, 103 S.Ct. 1684, 1690–91, 75 L.Ed.2d 708 (1983).

In response to the defendants' motion, the plaintiff argues in part, and continues that argument here, that even if the Court were to conclude that the evidence failed to demonstrate that the alleged protected activity was related to a matter of public concern, such a determination would not be fatal to this lawsuit. According to Gros, the First Amendment threshold "public concern" requirement applies only to free speech causes of action and not free association claims. The Court now addresses this issue in detail.

Before commencing its analysis, the Court notes that Gros has also attempted to join claims pursuant to the First Amendment right to freedom of assembly and the right to petition. However, because these claims are not alleged in the Complaint, the Court will not consider them here and will not give those issues to the jury.

## II. *Discussion*

■ As stated above, the narrow issue before the Court is whether a freedom of association claim is subject to the same threshold requirement as a free speech claim, namely that the conduct at issue relate to a matter of public concern. Any analysis of this topic must begin with the Supreme Court's decision in *Pickering v. Board of Educ.*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). In *Pickering*, the court established that a public employee's free speech claims should be evaluated by balancing the right of the worker to express his or her views against the right of the employer to maintain workplace efficiency as a justification for retaliatory conduct. *Id.* at 568, 88 S.Ct. at 1734–35. This balancing test was further developed in *Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977), which provides a three step process enabling the plaintiff to prove his case: (1) the plaintiff must show that his conduct was constitutionally protected; (2) the plaintiff must show that the protected activity was a "substantial" or "motivating" factor for the retaliatory conduct; and (3) if these two criteria are met then the defendants must show that they would have reached the same decision even if the plaintiff had not engaged in protected activity. In *Connick v. Myers*, 461 U.S. 138, 147–48, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983), the court elaborated on these standards by recognizing that not all speech by a public employee is protected by the First Amendment, stating that:

> When a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken

by a public agency allegedly in reaction to the employee's behavior. . . .

Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record.

This inquiry constitutes a question of law to be decided by the Court, not one of fact. *Id.* at 147–48, 103 S.Ct. at 1690–91.

While both *Pickering* and *Connick* addressed issues of speech, the issue before the Court, as stated above, raises associational concerns. *See NAACP v. Alabama,* 357 U.S. 449, 460, 78 S.Ct. 1163, 1170–71, 2 L.Ed.2d 1488 (1958) (credited with establishing the right to free association). However, the Court's research reveals that the Circuits are split on this issue. The Sixth and Seventh Circuits conclude that the *Connick* public concern test applies to free association claims. *See Griffin v. Thomas,* 929 F.2d 1210, 1213 (7th Cir.1991) (holding that free association claims are subject to the threshold "public concern" requirement); *Boals v. Gray,* 775 F.2d 686, 691–92 (6th Cir.1985) (finding "no logical reason for differentiating between speech and association in applying *Connick*"). In support of this conclusion these courts rely on the several factors. First, although *Connick* did not specifically refer to associational rights in reaching its conclusion, it acknowledged that the governing precedent was "rooted" in cases addressing both free speech and associational rights. *Griffin,* 929 F.2d at 1213, citing, *Boals,* 775 F.2d at 692. Further, the free speech and free association rights are similarly broad as both protections cover a wide spectrum of conduct. *See Griffin,* 929 F.2d at 1213, citing, *Boals,* 775 F.2d at 692. Finally, as the Seventh Circuit further noted, the Supreme Court has been hesitant to create a hierarchy for First Amendment rights. *Id.,* citing, *McDonald v. Smith,* 472 U.S. 479, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985). In a case bearing a striking similarity to the one before the Court, a Massachusetts federal district court applied comparable reasoning to reach a similar conclusion. *See Broderick v. Roache,* 767 F.Supp. 20, 25 n. 9 (D.Mass.1991) (recognizing that *Connick,* although a speech case "is

the outgrowth of a series of cases . . . which address[ ] associational as well as expressive first amendment interests"); *cf. Poulsen v. City of N. Tonawanda,* 811 F.Supp. 884, 894 (W.D.N.Y.1993) (apparently recognizing that sexual harassment is a matter of public concern sufficient to support both the plaintiff's free speech and free association claims).

On the other hand the Fifth and Eleventh Circuits have reached the opposite conclusion. For example, in *Boddie v. City of Columbus,* 989 F.2d 745, 747 (5th Cir.1993), the court found that a fireman's first amendment free association claim based on union activity is not subject to the "public concern" requirement. In *Hatcher v. Board of Public Educ. and Orphanage,* 809 F.2d 1546, 1558 (11th Cir.1987) the court reached a consistent conclusion holding that a displaced elementary school principal did not need to establish that the alleged protected conduct was a matter of public concern. In making its determination, the Court relied on *NAACP v. Alabama,* 357 U.S. at 460–61, 78 S.Ct. at 1171, in which Justice Harlan wrote for the Court, "it is immaterial whether the beliefs sought to be advanced by association pertain to political, economic, religious or cultural matters, and state action which may have the effect of curtailing the freedom to associate is subject to the closest scrutiny." *Hatcher,* 809 F.2d at 1558; *see also Saye v. St. Vrain Valley School Dist. RE–1J,* 785 F.2d 862, 867 n. 1 (10th Cir.1986) (apparently recognizing the same conclusion by way of the parties concession as to the law on appeal). Further support for the position of the Fifth and Eleventh Circuits is found in *Gardetto v. Mason,* 854 F.Supp. 1520, 1540 (D.Wyo. 1994); *Stellmaker v. DePetrillo,* 710 F.Supp. 891, 892–93 (D.Conn.1989); *Gavrilles v. O'Connor,* 579 F.Supp. 301, 304 (D.Mass. 1984); *Gavrilles v. O'Connor,* 611 F.Supp. 210 (D.Mass.1985).

Adding to the complexity of this issue, the Court has been unable to uncover a Second Circuit case directly on point. Indeed, the only case offered by Gros, *Connecticut State Federation of Teachers v. Board of Educ.,* 538 F.2d 471 (2d Cir.1976) predates *Connick* as do all of the Supreme Court cases he cites. *See Smith v. Arkansas State Highway Em-*

*ployees, Local 1315,* 441 U.S. 463, 99 S.Ct. 1826, 60 L.Ed.2d 360 (1979); *NAACP v. Button,* 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Healy v. James,* 408 U.S. 169, 92 S.Ct. 2338, 33 L.Ed.2d 266 (1972); *United Mine Workers v. Illinois State Bar Ass'n,* 389 U.S. 217, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967); *Thomas v. Collins,* 323 U.S. 516, 65 S.Ct. 315, 89 L.Ed. 430 (1945). Nevertheless, even before this issue became a point of contention between the circuits Judge Mishler of this district had the opportunity to address this question in *Petrozza v. Village of Freeport,* 602 F.Supp. 137 (E.D.N.Y.1984). In *Petrozza,* the court, relying on the same case applied by the Eleventh Circuit in *Hatcher, NAACP v. Alabama,* nevertheless concluded that the *Connick* "public concern" test applies to a plaintiff's free association claims. *Id.* at 143, 103 S.Ct. at 1688. And while the defendants could make a plausible argument that this Court is bound by Judge Mishler's conclusion on the basis of stare decisis alone, the Court declines to take that approach. Rather, this Court concurs with Judge Mishler's conclusion in *Petrozza* because this Court believes it is correct.

 As Judge Mazzone recognized in *Broderick,* a well reasoned, thoughtful and very persuasive decision, "I see no basis in the substantive law which affords freedom of association a higher level of protection than the right of free speech." *Broderick,* 767 F.Supp. at 25 n. 9. In this Court's view, in cases such as this, the free speech and free association claims are so intertwined, that permitting the latter to survive the former where the free speech claim would otherwise fail, would result in the emasculation of *Connick* by permitting a back door recovery under section 1983 that the Supreme Court did not countenance. Indeed, this position is consistent with that once taken by now Judge Raggi of this district, that the right of expressive free association has "traditionally been little more than a shorthand for safeguarding an individual's [right to free speech] when he exercises [it] through a group." Reena Raggi, An Independent Right to Freedom of Association, 12 Harv. C.R.–C.L. L.Rev. 1, 3–4, 7–8 (1977); *see also*

Mark Strauss, Public Employees' Freedom of Association: Should *Connick v. Myers'* Speech–Based Public–Concern Rule Apply?, 61 Fordham L.Rev. 473, 483–88 (1992) (reasoning that *Connick* is part and parcel of the constitutional right to expressive association). Any other conclusion would be tantamount to ignoring *Connick's* recognition that the governing precedent in this area of the law is rooted in *both* free speech and free association rights. *Griffin,* 929 F.2d at 1213; *Boals,* 775 F.2d at 692. Accordingly, the Court holds that the plaintiff's freedom of association claims are subject to the requirements of *Connick* and that to the extent that the plaintiff's free speech claims fail because they do not relate to matters of public concern, his free association claims are similarly deficient.

SO ORDERED.