Stan WILLIAMS, Plaintiff,

v.

**CASTLEWOOD FIRE PROTECTION DISTRICT and James Etzel, Defendants.**

**Civ. A. No. 89–S–1131.**

United States District Court,
D. Colorado.

Feb. 6, 1991.

**958**

Beverly Ballantine, Littleton, Colo., for plaintiff.

W. Berkeley Mann, Jr., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

SPARR, District Judge.

THIS MATTER comes before the Court on Defendants' Motion to Strike Late Designation of Expert Witness by the Plaintiff, Plaintiff's Motion to Reassign and Reset Settlement Before Magistrate, and Defendants' Motion for Summary Judgment. The Court has reviewed the motions, briefs, exhibits, the applicable law, has heard argument from counsel in open court, and is fully advised in the premises. The Court incorporates herein its oral comments made in open court and makes the following Findings, Conclusions, and Order.

### A. Defendants' Motion for Summary Judgment

Defendants move for summary judgment on each of the Plaintiff's three claims for relief: (1) deprivation in violation of 42 U.S.C. § 1983 of Plaintiff's property rights in continued employment and in retirement benefits, (2) deprivation in violation of 42 U.S.C. § 1983 of Plaintiff's Fourteenth Amendment liberty interests, and (3) violation of 42 U.S.C. § 1983 by retaliation for Plaintiff's exercise of his protected First Amendment rights.

Rule 56 of the Federal Rules of Civil Procedure provides in pertinent part that judgment "... shall be rendered forthwith if the pleadings, depositions, ... together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56 further provides "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegation or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

In a trilogy of cases, the United States Supreme Court has recently set down standards for consideration of summary judgments. Justice Powell in *Matsushita Electric Industrial Company Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) emphasized that in the face of a summary judgment, the non-movant must come forward with specific facts showing a genuine issue for trial. Justice White in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986) set forth the Court's position on what constitutes "genuine issues of material fact" precluding the entry of summary judgment. Justice White stated:

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. (emphasis in original)

As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted....

... [s]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

... there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 288–289 [88 S.Ct. 1575, 1592–1593, 20 L.Ed.2d 569] (1968). *Anderson v. Liberty Lobby,* 477 U.S. at 247–49, 106 S.Ct. at 2509–11.

■ The standard enunciated by Justice White mirrors, in his words, the standard for a directed verdict under Federal Rule of Civil Procedure 50(a) which dictates that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty Lobby,* 477 U.S. at 250, 106 S.Ct. at 2511, quoting *Brady v. Southern R. Co.,* 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239 (1943). It has long been the law that judges are not required to submit a question to the jury merely because some evidence has been introduced by the party bearing the burden of proof. Such issues need only be submitted where the evidence is sufficient to warrant a jury verdict in favor of the party in question. This mandate requires more than a scintilla of evidence. Rather, it requires an inquiry by the court before submitting matters to juries as to whether there is sufficient evidence upon which a jury could properly proceed to find a verdict for the party bearing the burden of proof. *Improvement Co. v. Munson,* 14 Wall. 442, 448, 20 L.Ed. 867 (1872), quoted with approval,

*Anderson v. Liberty Lobby,* 477 U.S. at 251, 106 S.Ct. at 2511.

After his discussion of the element of materiality in *Anderson v. Liberty Lobby,* Justice White arrived at the issue of whether the dispute about the material fact is "genuine," that is, whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Again quoting from *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. at 288–89, 88 S.Ct. at 1592–93, Justice White observed:

"it is true that the issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence. Rather, what is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial. *Anderson v. Liberty Lobby,* 477 U.S. at 248–49, 106 S.Ct. at 2510.

■ It is clear that a Plaintiff may not rest on mere allegations to get a question to a jury without *significant probative evidence* tending to support the complaint. *Anderson v. Liberty Lobby,* 477 U.S. at 249, 106 S.Ct. at 2510, citing *First National Bank of Arizona v. Cities Service,* 391 U.S. at 290, 88 S.Ct. at 1593 (emphasis added). It is incumbent upon the trial judge to grant summary judgment if there is no genuine issue as to any material fact and if the moving party is entitled to a judgment as a matter of law. The inquiry performed is the threshold inquiry of determining whether there is a need for trial— whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

■ 1. First, Defendants argue that Plaintiff has no protected property interest in continued employment or in expected retirement benefits. The determination of whether a plaintiff has a property interest is a question of state law. *Conaway v.*

*Smith,* 853 F.2d 789, 793 (10th Cir.1988), citing *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). Depending on the facts and circumstances of the case, under Colorado law an employee personnel handbook may grant to an employee a property interest in continued employment which entitles the employee to the protections of the procedural due process guarantee of the United States Constitution. *Adams County School District No. 50 v. Dickey,* 791 P.2d 688, 694 (Colo. 1990). The Castlewood Personnel Procedure Manual in effect at the time of Plaintiff's discharge was approved by the District Board on October 14, 1987. *See* Exhibit E to Defendants' Reply Brief. At Section 112.05, the manual provides for retirement, resignation, suspension, promotion, demotion, types of discharge, and reinstatement. Section 112.05(D) at page 3 of the manual provides in pertinent part:

THE PROVISIONS HEREIN, INCLUDING THOSE REQUIRING HEARING BY A REVIEW BOARD, SHALL NOT BE APPLICABLE TO THE POSITIONS OF CHIEF AND ASSISTANT CHIEF, THE APPOINTMENTS OR PROMOTIONS TO SUCH POSITIONS AND DISCHARGE FROM EMPLOYMENT IN SUCH POSITIONS BEING EXCLUSIVELY AT THE PLEASURE OF THE BOARD OF DIRECTORS.

Plaintiff argues that there is an issue of fact concerning which personnel procedure manual was in effect at the time of his termination, but Plaintiff's own deposition testimony reflects that Plaintiff was present at the October 14, 1987 District Board meeting when these regulations were approved by the Board. Applying the standards for summary judgment enunciated by the U.S. Supreme Court, this Court concludes that there is no genuine issue of material fact remaining as to Plaintiff's claimed property right in continued employment with the Castlewood Fire Protection District.

■ Plaintiff also asserts a property interest in his expected retirement benefits. Based upon his age, work history, the actuarial stability of the Castlewood pension fund, and an alleged straw vote approving an amended benefits plan which would have given Plaintiff credit for approximately nine years of prior police service, Plaintiff argues that he has a claim for "an expectation of pension benefits."

■ The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 575, 92 S.Ct. 2701, 2708, 33 L.Ed.2d 548 (1972). To have a property interest in a benefit, a person must clearly "have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. Despite Plaintiff's substantial expectation that he would soon qualify for pension benefits, he had nothing more than a subjective hope or desire for those benefits at the time of his termination. Plaintiff cannot have a constitutionally protected right in benefits to which he is not yet entitled.

2. Next, Defendants argue that there is no factual basis for Plaintiff's claim that his liberty interest was impaired because Plaintiff was not the subject of any stigmatizing charges or statements which would impair his reputation.

■ The liberty interest concept recognizes two particular interests of a public employee: (1) the protection of his good name, reputation, honor, and integrity, and (2) his freedom to take advantage of other employment opportunities. *Conaway,* 853 F.2d at 794. For an employee to make a successful liberty deprivation claim, in addition to proving one of these two recognized liberty interests, he must also show that his dismissal resulted in the publication of information which was false *and* stigmatizing. *Conaway,* 853 F.2d at 794 (emphasis in original). The crucial focus of any liberty interest inquiry must be the *stigmatization* which results from the publication of false and damaging information, regardless of whether it involves dissemi-

nation of "charges" or "reasons for dismissal." *Melton v. City of Oklahoma City,* 879 F.2d 706, 720 (10th Cir.1989), *rehearing granted in part* 888 F.2d 724 (1989) (emphasis in original).

▮ Plaintiff asserts there are disputed issues of material fact regarding the content of the statements and/or charges, the extent of dissemination of the information about him, and the effect of this alleged stigmatization on his search for other employment. The Court agrees with Plaintiff that genuine issues of material fact remain regarding his liberty interest claim.

3. In Plaintiff's Third Claim for Relief, he contends that he was terminated from his employment at the Castlewood Fire Protection District in retaliation for constitutionally protected conduct.

▮ Public employees may not be retaliated against for "speech on a matter of public concern." *Morfin v. Albuquerque Public Schools,* 906 F.2d 1434, 1437 (10th Cir.1990), quoting *Connick v. Myers,* 461 U.S. 138, 146–48, 103 S.Ct. 1684, 1689–91, 75 L.Ed.2d 708 (1983). The courts employ a three-part analysis in evaluating a public employee's claim that an adverse employment decision violates First Amendment rights. *Saye v. St. Vrain Valley School Dist. RE–1J,* 785 F.2d 862, 865 (10th Cir.1986). First, the court must determine whether a public employee's speech touches upon a matter of public concern. *Connick,* 461 U.S. at 142, 103 S.Ct. at 1687.

▮ Speech on matters of public concern has been defined as speech "fairly considered as relating to any matter of political, social or other concern to the community." *Wulf v. City of Wichita,* 883 F.2d 842, 857 (10th Cir.1989), citing *Connick,* 461 U.S. at 145, 103 S.Ct. at 1689. Such speech is contrasted with speech "as an employee upon matters only of personal interest." *Wulf,* 883 F.2d at 857, citing *Connick,* 461 U.S. at 147, 103 S.Ct. at 1690. To make this determination, a court must consider the content, form, and context of the speech. *Considine v. Board of County Com'rs,* 910 F.2d 695, 699 (10th Cir.

1990); *Morfin,* 906 F.2d at 1437; *Wulf,* 883 F.2d at 857.

Second, if the statement satisfies the public concern inquiry, the court must then balance the interests of the employee in making the statement against the public employer's interest in the effective and efficient fulfillment of its responsibilities to the public. *Pickering v. Board of Education,* 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968). Third, assuming that both previous elements have been found in favor of the plaintiff, he or she must then prove that the protected speech "was a motivating factor" in the detrimental employment decision. *Mt. Healthy City School Dist. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977). Finally, if plaintiff makes this showing, the burden then shifts to the employer to show by a preponderance of the evidence that it would have reached the same decision in the absence of the protected activity. *Melton,* 879 F.2d at 713.

▮ While the first two steps of the process involve questions of law for the court, the third and fourth steps involve questions of fact for the jury. *Melton,* 879 F.2d at 713; *Koch v. City of Hutchinson,* 847 F.2d 1436, 1440 n. 11 (10th Cir.) (en banc), *cert. denied,* 488 U.S. 909, 109 S.Ct. 262, 102 L.Ed.2d 250 (1988).

▮ Defendants argue that Plaintiff's alleged activities and statements are not matters of public concern and do not fall under the protection of the First Amendment. Defendants are entitled to summary judgment if Plaintiff cannot produce evidence sufficient to create a genuine issue of material fact regarding whether the Defendants committed the acts of which Plaintiff complains. *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Although the Court is far from convinced that Plaintiff's activities and statements involved matters of public concern, the Court believes that there are genuine issues of material fact remaining concerning Plaintiff's claim for violation of his First Amendment rights.

**B. Defendants' Motion to Strike Late Designation of Expert Witness by the Plaintiff**

Plaintiff represented in open court on January 14, 1991 that he was withdrawing his designation of expert witness, filed June 29, 1990. Plaintiff's withdrawal of his designation of expert witness renders Defendants' motion to strike moot.

**C. Plaintiff's Motion to Reassign and Reset Settlement Before Magistrate**

Since the date this motion was filed, Magistrate has retired from his position as a United States Magistrate and his cases have all been reassigned to the newly appointed United States Magistrate, Richard M. Borchers. A settlement conference is presently scheduled with Magistrate Borchers on February 15, 1991. Therefore, Plaintiff's motion for reassignment has also been rendered moot.

ACCORDINGLY, Defendants' Motion to Strike Late Designation of Expert Witness by the Plaintiff is DENIED as moot. Plaintiff's Motion to Reassign and Reset Settlement Before Magistrate is also DENIED as moot. Defendants' Motion for Summary Judgment is GRANTED as to his First Claim for Relief for his property interest in continued employment and expected retirement benefits and DENIED as to his Second and Third Claims for Relief. The Clerk is directed to enter judgment on Plaintiff's First Claim for Relief in accordance with this Order.