46 F.3d 1150
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Aaron BARTELS, Plaintiff-Appellant, Cross-Appellee,
v.
Siegried HECKER, Roger Perkins, James Jackson, University of
California Board of Regents, doing business as Los
Alamos National Laboratories,
Defendants-Appellees, Cross-Appellants,
United States Department of Energy, Hugh Turpie, Deceased,
and Ray Romatowski, Defendants.
 Nos. 93-2266, 93-2275.
 United States Court of Appeals, Tenth Circuit.
 Jan. 23, 1995.
 
 ORDER AND JUDGMENT*
 Before BRORBY, SETH, and LAY**, Circuit Judges.
 
 
 1
 Plaintiff-Appellant Aaron Bartels appeals the district court's grant of summary judgment in favor of Defendants-Appellees. Mr.Bartels asserts a variety of claims based upon his contention that his employment was terminated in retaliation against his engaging in constitutionally protected speech.
 
 
 2
 The district court dismissed Appellant's claim against the United States Department of Energy ("DOE") on the basis of sovereign immunity which it held has not been waived on claims for monetary damages of the nature asserted by Appellant.
 
 
 3
 The district court also dismissed the claim against Defendant Ray Romatowski in his individual capacity based upon a lack of personal jurisdiction. With regard to the remaining individual Defendants, Sigfried Hecker, Roger Perkins, and James Jackson of Los Alamos National Laboratories ("LANL"), and Hugh Turpie of DOE, the district court determined (rescinding its initial ruling on the issue) that qualified immunity provided protection against Appellant's claims.
 
 
 4
 Finally, the district court granted summary judgment to the University of California Board of Regents d/b/a/ LANL as to Appellant's request for injunctive relief, and held that Appellant's breach of contract claims were invalid based upon the lack of a written contract.
 
 
 5
 When we review a district court's grant of summary judgment, we use the same standard as that applied by the district court. Fed.R.Civ.P. 56(c); Wood v. Eli Lilly & Co., 38 F.3d 510, 512 (10th Cir.). This requires the drawing of all inferences in favor of the party, Bartels, against whom judgment was granted. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.). Nonetheless, that party must identify sufficient evidence which would require submission of the case to a jury. Id.
 
 
 6
 Aaron Bartels went to work for LANL in 1984 as a utilities engineer. LANL is operated for the DOE by the University of California. In 1985 Appellant became the leader of ENG-7, a new engineering group. In this capacity he acted as liaison between LANL and various federal agencies as well as Los Alamos County. He also served as spokesperson to the media for LANL and the Department of Energy, Albuquerque Operations Office ("DOE-AOO"). He was additionally a member of the Pool Operating Committee responsible for management of the "Power Pool," an agreement between Los Alamos County and DOE-AOO to provide power to Los Alamos County.
 
 
 7
 Appellant alleges that in this latter capacity he obtained knowledge of secret meetings between Los Alamos, DOE-AOO, and Public Service Company of New Mexico regarding what information should be disclosed regarding the Power Pool project. In addition, Appellant asserted that he had information regarding improper environmental impact statement procedure and misinformation regarding the availability of alternate power suppliers and the justification for a Power Pool power line project.
 
 
 8
 In January 1986, Bartels refused in his official capacity to endorse the power line project. Soon after, he was removed as the spokesperson for DOA-AOO and Los Alamos. Conflict between Bartels and other individuals related to the project increased, and in September 1986 Bartels was removed from the Pool Operating Committee. In October 1986, Bartels asserted that documents were then being destroyed which had been requested by an environmental group pursuant to the Freedom of Information Act.
 
 
 9
 In February 1987, Bartels was informed that he was listed for the "Reduction in Force" process that was begun as a response to funding difficulties. He was terminated in March of 1987. Bartels brought suit in February 1990 asserting violations of free speech rights as well as claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.1961-1968, and New Mexico Racketeering Act (NMRA), N.M.S.A. 30-42-1 through 30-42-6.
 
 
 10
 He subsequently dismissed his racketeering claims. The Appellees associated with LANL, in response to Appellant's unilateral dismissal of the racketeering actions, moved for sanctions pursuant to Rule 11, which were denied and are the subject of cross-appeal.
 
 
 11
 Bartels contends that the district court improperly determined that it lacked personal jurisdiction over Defendant Ray Romatowski, who was a Defendant in his individual capacity as well as his official capacity. Bartels asserts that personal jurisdiction was obtained when his Amended Complaint was served on the Assistant United States Attorney who had accepted original service naming Romatowski in his official capacity.
 
 
 12
 The Federal Rules of Civil Procedure and the law of this circuit are not in accord with this contention of Appellant. Despite the fact that Romatowski was properly before the court in his official capacity, Rule 4(d)(1) of the Federal Rules of Civil Procedure expressly requires personal service when a defendant is named individually. See Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir.) (when a plaintiff proceeds against an agent of the government in his or her individual capacity, personal service must be effected in compliance with Rule 4(d)(1)); Micklus v. Carlson, 632 F.2d 227 (3d Cir.) (official properly served in his official capacity must receive personal service where also named in his individual capacity). Because personal service was not effected with regard to Romatowski as required by Rule 4(d)(1), the district court correctly concluded that it lacked personal jurisdiction over him.
 
 
 13
 The crux of Bartels' appeal is directed to the grant of qualified immunity by the district court to Sigfried Hecker, Roger Perkins, James Jackson, and Hugh Turpie. The district court, although initially denying these Defendants' requests for immunity, determined on reconsideration that Morfin v. Albuquerque Public Schools, 906 F.2d 1434 (10th Cir.), was dispositive of this issue. In applying Morfin, the court ruled that during the period of time in question "it was not clear that persons such as the LANL defendants were not entitled to dismiss the plaintiff as a result of statements that he made in the course of his official duties." District Court Order of January 3,1992. Thus the district court determined that these Defendants had not violated clearly established law, and were thus entitled to qualified immunity. See generally Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Pueblo Neighborhood Health Centers, Inc. v. Losavio, 847 F.2d 642, 645 (10th Cir.). Bartels argues that this result is erroneous, and also that reconsideration by the court of its initial ruling constituted an abuse of discretion.
 
 
 14
 Initially, we note that, absent an abuse of discretion, a district court may reconsider its rulings and correct errors of law or fact. Hancock v. Oklahoma City, 857 F.2d 1394 (10th Cir.). Here, the Morfin opinion was brought to the attention of the district court by supplemental authority, and the district court found that it was controlling with regard to the issue of qualified immunity. We have held that a district court is bound to follow Tenth Circuit precedent. United States v. Spedalieri, 910 F.2d 707 (10th Cir.). Moreover, it would certainly not be proper, nor in the interest of judicial economy, for the court to be unable to modify an order which it later determines to be legally incorrect. We thus conclude that the district court did not abuse its discretion in granting the motions to reconsider filed by the LANL Defendants and the federal Defendants.
 
 
 15
 On the merits of the issue of qualified immunity, the question is whether the actions of government officials performing discretionary functions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Losavio, 847 F.2d at 645. Consequently, we must determine whether it was in violation of statutory or constitutional rights for the Appellees to fire Appellant based upon statements he made in the course of his official duties.
 
 
 16
 In Morfin we held that in light of our decision in Schmidt v. Fremont County School Dist. No. 25, 558 F.2d 982 (10th Cir.), it was not clear that there was no "per se rule exempting statements made in the course of official duties from the protection of the First Amendment." Morfin, 906 F.2d at 1438. Until 1988, when this court clarified this area of law in Koch v. City of Hutchinson, 847 F.2d 1436, 1442 (10th Cir.) (communications made in the course of public employees' official duties are not per se exempt from First Amendment protection), there was no clearly established standard which Appellees' action in firing Bartels could be held to violate. Because the events at issue took place prior to our clarification in Koch, we are constrained to find that the Appellees are qualifiedly immune to Bartels' free speech claims regarding statements made in the course of his official duties.
 
 
 17
 Appellant argues that this result is incorrect in part based upon his contention that not all speech that led to his dismissal occurred in the course of his official duties. He contends, rather, that the speech at issue was related to matters of wrongdoing or a breach of trust by government officials in the conduct of their official day-to-day duties. See Koch, 847 F.2d at 1444. We again agree with the district court's conclusions. It is evident based upon the facts as alleged in the Complaint that the statements occurred in the course of Bartels' official duties. Further, the degree of responsibility and policy-making that Appellant had made it his duty to bring to light the very type of discrepancy that he reported. We cannot hold that these statements were made in anything other than his official capacity.
 
 
 18
 Bartels next contends that the district court erred when it dismissed by summary judgment his free speech based retaliation claim against LANL. Appellant reiterated his earlier argument on appeal that some speech for which he claims he was terminated did not occur in the course of his official duties, and thus does not fall under the protection afforded government officials prior to 1988 with regard to actions taken based on an employee's acts in the course of his official duties. However, Appellant did not respond to LANL's Motion for Summary Judgment as is required by District of New Mexico Local Rule 56.1, and the district court found that the material facts as asserted by LANL were deemed admitted and thus granted its request for summary judgment.
 
 
 19
 Although we review the granting of summary judgment de novo, we remain mindful that a district court is afforded discretion in applying its local rules. Hernandez v. George, 793 F.2d 264, 266 (10th Cir.). We review such exercise of a district court's discretion with deference, reversing only where we are "convinced that the district court has misconstrued its own rules." Smith v. Ford Motor Co., 626 F.2d 784, 796 (10th Cir.) (quoting Wright and Miller, Federal Practice and Procedure, Civil 3153). Local Rule 56.1 clearly provides that the nonmovant must provide a concise, numbered statement of material facts to which a genuine issue exists. It further provides that "all material facts set forth in the statement of the movant shall be admitted unless specifically controverted." N.M. Loc. R. 56.1.
 
 
 20
 We have reviewed the record, and agree with the district court that this express requirement was not complied with. We further agree that the material facts as set forth in LANL's Motion for Summary Judgment leave no genuine issue of fact and thus provide an appropriate basis for summary judgment. In addition, we note that, as we have discussed previously, our review of Appellant's Complaint and the record leads us to conclude that the speech at issue by Appellant was indeed made in the course of his official duties, thus further undermining his claim against LANL for retaliation in violation of his rights to free speech. Because of the above, we conclude that Bartels' claims against LANL for injunctive relief were appropriately dismissed.
 
 
 21
 Appellant also argues with regard to the LANL summary judgment ruling that the district court should have granted additional discovery time before granting the motion. In denying Appellant's request, the district court noted that "substantial discovery" had taken place and that Appellant had not established how additional time would enable him to create an issue of fact. See generally Weir v. Anaconda Co., 773 F.2d 1073, 1083 (10th Cir.); Patty Precision v. Brown & Sharpe Mfg. Co., 742 F.2d 1260, 1264 (10th Cir.). We agree with the district court, and also note that subsequent to the district court's final resolution of the qualified immunity issue, Appellant had over seven months to pursue further discovery before the above discussed LANL Motion for Summary Judgment was granted. During this time no discovery was conducted by Appellant. Accordingly, we find that the district court did not abuse its discretion by denying Bartels' request for extended discovery.
 
 
 22
 With regard to the remaining issues raised in this appeal, namely Appellant's claim against LANL for breach of contract and Appellees' cross-appeal for sanctions relating to Appellant's initial RICO claims that he later dismissed, we have reviewed the parties' briefs and the record and determine these claims to be without merit. We therefore AFFIRM these issues based substantially on the reasons set forth by the district court.
 
 
 23
 Because of the foregoing, we AFFIRM the judgment of the district court.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation